UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KEITH SCHWAB,

    Petitioner,

v.

JEFF TANNER, *Warden*,

    Respondent.

Case No. 26-10458
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO AMEND [10], MOTION TO COMPEL [11], AND MOTION TO APPOINT AND ORDER FINANCIAL ASSISTANCE TO HIRE INVESTIGATOR [12]**

---

Brian Keith Schwab is a state prisoner incarcerated at the Macomb Correctional Facility in Lenox Township, Michigan. (ECF No. 1.) He was convicted of second-degree criminal sexual conduct, child sexual abuse activity, and being a fourth felony habitual offender under Mich. Comp. Laws §§ 750.520c, 750.145c(2), and 769.12. (*Id.*); *Offender Tracking Info. Sys.*, Mich. Dep't of Corr., https://perma.cc/K2RE-KTU6. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging his convictions. (ECF No. 1.) Respondent has been ordered to file an answer to the petition and the Rule 5 materials by August 17, 2026. (ECF No. 7.)

Pending before the Court are Schwab's motions to amend the petition (ECF No. 10), compel the state courts to provide him with prior state court records (ECF No. 11), and appoint and order financial assistance to hire an investigator (ECF No. 12). For the reasons that follow, the motions are DENIED.

## I.

Federal Rule of Civil Procedure 15 allows a habeas petitioner to amend his petition with "leave" of the Court "when justice so requires." *Watkins v. Stephenson*, 57 F.4th 576, 579 (6th Cir. 2023) (citing Fed. R. Civ. P. 15(a)(2)); *see* 28 U.S.C. § 2242 ("[The petition] may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *McBride v. Woods*, No. 07-11156, 2010 WL 3198891, at *1 (E.D. Mich. Aug. 12, 2010) (citing *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir.1999)). In making this determination, the Court considers whether the amendment is unduly delayed, prejudicial to the nonmovant, and whether it advances a claim that may have arguable merit. *Coe v. Bell*, 161 F.3d 320, 341–342 (6th Cir. 1998); *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997).

Schwab's motion requesting leave is not unduly delayed. He filed it only five weeks after his petition, and well before the response is due. (*Compare* ECF No. 10 (motion for leave to amend dated March 18, 2026), *with* ECF No. 1 (initial petition dated February 10, 2026), *and* ECF No. 7 (requiring Respondents' answer by August 17, 2026).)

But at this time, the amendment would likely be prejudicial and/or without merit. Schwab seeks leave to amend to "correct deficiencies and provide pertinent information [on] new discoveries." (ECF No. 10, PageID.514.) But he does not say what those deficiencies or new discoveries would be, which of the many claims in his

petition they pertain to, or why the information is needed. *See Smith v. Goguen*, 352 F. Supp. 3d 125, 126 (D. Mass. 2018) (denying motion for leave where proposed amended petition did not comply with a court's order that it set forth with specificity each constitutional ground for relief with the facts supporting each ground). Indeed, Schwab does not include a proposed amended petition at all. *See Caldwell v. Morrison*, No. 22-700, 2022 WL 17720187, at *1 (W.D. Mich. Dec. 15, 2022) ("To grant leave to amend without reviewing the proposed amendment would be inappropriate."). The initial petition is 232 pages and raises nineteen claims for relief (ECF No. 1.) The Court is not convinced that amendment would be non-prejudicial or meritorious.

So the motion for leave to amend is DENIED WITHOUT PREJUDICE.

## II.

Schwab also filed a motion for this Court to order the state courts to provide Schwab with his state court records. (ECF No. 11.)

## A.

While Schwab provides no authority for this request and no explanation for why he is unable to obtain these public records, 28 U.S.C. § 2250 provides as follows:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record ***on file*** in his office as may be required by order of the judge before whom the application is pending. (emphasis added).

This provision is inapplicable here for a few reasons. For one, these documents are not yet on file with the clerk's office for the United States District Court for the

Eastern District of Michigan. *See Hensley v. Berghuis*, No. 10-11442, 2010 WL 2854300, at *3 (E.D. Mich. July 20, 2010) (citing *Irby v. Swenson*, 361 F. Supp. 167, 168 (E.D. Mo. 1973)).

Second, to obtain free transcripts under § 2250, the party seeking the production "must specify with sufficient clarity those portions of the proceedings questioned [so that] an initial determination of relevance can be made by the Court." *Bozeman v. United States*, 354 F. Supp. 1262, 1264 (E.D. Va. 1973). A "blanket and noncommittal request" for documents by a habeas petitioner is insufficient to enable a federal court to determine necessity pursuant to § 2250. *See Cassidy v. United States*, 304 F. Supp. 864, 867 (E.D. Mo. 1969); *see also Morton v. Warren*, No. 06-13382, 2008 WL 4386840, at *5 (E.D. Mich. Sept. 24, 2008); *United States v. Chambers*, 788 F. Supp. 334, 338 (E.D. Mich. 1992) (finding habeas petitioner not entitled to production of trial transcripts based on his "bald assertion" that he needed them to prepare § 2250 post-conviction motion to vacate sentence).

## B.

Even if the Court treated the request as one for discovery, "[h]abeas petitioners have no right to automatic discovery. A district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause." *Haight v. Jordan*, 59 F.4th 817, 862 (6th Cir. 2023) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). But § 2254 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (citing R. 6 R. Gov. § 2254 Cases).

Schwab's motion does not establish good cause. First, he requests the entire state court record without specifying why it is necessary for him to prosecute his habeas action. His "vague and conclusory allegations are insufficient to obtain additional discovery." *Burns v. Lafler*, 328 F. Supp. 2d 711, 718 (E.D. Mich. 2004); *see Williams*, 380 F.3d at 974. Second, his state appellate counsel[1] had access to the transcripts on his direct appeal and presumably can provide them. Third, Schwab has failed to show that the requested discovery would resolve any factual disputes entitling him to relief on his claims. *See Williams*, 380 F.3d at 975 (citing *Stanford*, 266 F.3d at 460 (denying habeas petitioner's requested discovery because he "ha[d] not shown that the requested discovery could 'resolve any factual disputes that could entitle him to relief.'")).

## C.

This Court has directed Respondent to docket the state court record pursuant to Rule 5 of the Habeas Rules. (ECF No. 7.) Schwab requests the Court order Respondent to also provide him with a copy of the Rule 5 materials. (ECF No. 11.)

While the Sixth Circuit has not specifically addressed this issue, courts in this District have traditionally not ordered the respondent to serve copies of the Rule 5 materials unless the petitioner shows good cause. *See Annabel v. Warren*, No. 09-10762, 2009 WL 3245453, at *1 (E.D. Mich. October 1, 2009) ("[I]t is not a routine practice of this Court to provide copies of Rule 5 materials to a litigant in a habeas case."); *Gollman v. Metrish*, No. 08-10221, 2009 WL 211729, at *1 (E.D. Mich.

---

[1] *See* Michigan Courts website, *https://perma.cc/VP7V-NVK9.*

January 22, 2009) (concluding habeas petitioner not entitled to production of Rule 5 materials when he failed to provide any specific reasons why these exhibits were necessary for a fair adjudication of his habeas claims); *Dowdy v. Sherry*, No. 06-10735, 2008 WL 5188827, at \*4 (E.D. Mich. December 10, 2008) (habeas petitioner not entitled to copies of the Rule 5 materials because his state appellate counsel had access to the trial court transcripts and petitioner's request was basically a "fishing expedition masked as discovery").

There is again a lack of a showing of good cause here. Schwab provides no explanation for why he is unable to obtain the trial court transcripts from his appellate counsel. *See Annabel v. Warren*, No. 09-10762, 2009 WL 3245453, at \*1 (E.D. Mich. Oct. 1, 2009). He has also failed to show that his request for the Rule 5 materials is anything other than a "fishing expedition masked as discovery." *Dowdy v. Sherry*, No. 06-10735, 2008 WL 5188827, at \*4 (E.D. Mich. Dec. 10, 2008).

Accordingly, the motion to compel state court records is DENIED.

## III.

Schwab has also filed a motion asking the Court to appoint an investigator at court expense. (ECF No. 12.) In fact, he requests that thirteen experts from various fields be appointed to assist him with his case. (*Id.*)

Pursuant to 18 U.S.C. § 3599(f), a district court "may authorize the payment of expert services if reasonably necessary for the representation of the habeas petitioner." *Haight v. Jordan*, 59 F.4th 817, 842 (6th Cir. 2023). In making this determination, a district court must consider "whether a reasonable attorney would

regard the services as sufficiently important." *Id.* (quoting *Ayestas v. Davis*, 584 U.S. 28, 45 (2018)). "In considering the 'reasonably necessary' standard, courts must 'consider the potential merit of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way.'" *Id.* (quoting *Ayestas*, 584 U.S. at 46–47).

At this juncture, Schwab's motion is too conclusory to merit the appointment of experts. It does not identify any experts or provide any information as to their potential opinions. It appears that Schwab simply wants people appointed to go and investigate his case from scratch. This the Court will not do, at least not before the receipt of the answer, the Rule 5 materials, and any reply from Schwab.

Thus, the motion to appoint experts is DENIED WITHOUT PREJUDICE.

### IV.

For the foregoing reasons, the Court DENIES Schwab's motions to amend his petition (ECF No. 10), obtain his state court records (ECF No. 11) and appoint and order financial assistance to hire expert witnesses (ECF No. 12).

IT IS SO ORDERED.

Dated: April 1, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

7